### PATTERSON v. HEISS et al.

(Supreme Court, Appellate Term. June 5, 1908.)

TRIAL—MISCONDUCT OF COUNSEL—CURE BY WITHDRAWAL.

> Misconduct of plaintiff's counsel in stating to the jury that defendants were wealthy and that plaintiff was poor was cured by a withdrawal of the remark and by the court directing the jury to disregard it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 315.]

Gerard, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel B. Patterson against Samuel Wilson Heiss and another. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Maurice B. Blumenthal, for appellants.

Jacob Friedman, for respondent.

PER CURIAM. Action to recover balance of $313.68 for services rendered between June 1, 1907, and November 15, 1907, at an agreed compensation at the rate of $2,500 per year, of which compensation plaintiff received $840. Answer, substantially, general denial. Pleadings verified. Jury rendered verdict for full amount. Motion for new trial denied. Exception and appeal.

At the time of the hiring defendant made a pencil memorandum (Defendants' Exhibit I) as follows:

"$2,500 for first 100,000 business in towns made. 5% for Reg. Goods and 2½% for net numbers on all business above $100,000 sold during the period of one year. Drawing a/c $35 per week. Traveling expenses to be paid by us not to exceed $75 per week while on the road."

Plaintiff testified the contract to be $2,500 a year for salary and traveling expenses, and 5 per cent. on all business above $100,000 for regular goods and 2½ per cent. on net goods. He received weekly payments of $35 "if it would help the defendants," meaning a drawing account for that sum. About November 11th plaintiff asked defendants for $200, and was discharged, with the statement that he had agreed to work for $35 per week and had been paid in full. Defendants' testimony is that plaintiff agreed to work at a salary of $35 per week, and if he sold $100,000 he was to get $2,500 for one year and expenses, not to exceed $75 per week, while on the road, and the memorandum was written in plaintiff's presence; that on being refused money on November 11th plaintiff said: "I will quit you." One of the defendants, reading the memorandum to the jury, states that it did not provide for a salary. No claim was made by the defendants that plaintiff had not sold $100,000 of goods. No claim was made by the plaintiff that he was entitled to more than at the rate of $2,500 per year, or that he had not received all his traveling expenses. The jury apparently decided that the contract was oral at the rate of $2,500 per year and that the $35 was a "drawing account." This would seem to have been a fair determination on the evidence.

During the summing up plaintiff's counsel said in substance:

"The defendants in this case are wealthy people, and this plaintiff is a poor salesman."

Defendants' counsel objected, and moved to withdraw a juror. Plaintiff's counsel withdrew the remark. The court instructed the jury to disregard it, and denied the motion to which exception was taken. The charge of the judge was an impartial and careful presentation of the issues. At its close defendants' counsel requested the court to instruct the jury as to the complained-of observations, which the court did in a manner which must have obviated any prejudicial effects which might have arisen from the observations.

The judgment should be reduced, by deducting the sum of $13, for the reason that the complaint as amended claimed only until November

11th, whereas the last payment to plaintiff included November 15th. To this the plaintiff's counsel assented.

Judgment modified, by reducing the amount of the judgment, by deducting therefrom the sum of $13, and, as so modified, affirmed, with costs.

GILDERSLEEVE, P. J., and DAYTON, J., concur.

GERARD, J. I dissent, because of the improper remarks of counsel for plaintiff in summing up. The motion of defendant to withdraw a juror should have been granted.